STATE *ex rel* WAYNE PROSECUTOR v GLADSTONE

1. PROCESS—CONSTRUCTIVE SERVICE—IN REM ACTIONS—IN PERSONAM ACTIONS.

 The power of a state to resort to constructive service of process in an action does not rest upon whether the action is in rem or in personam.

2. NUISANCE—PUBLIC NUISANCE—OWNER OF PREMISES—ABATEMENT—STATUTES.

 The grantee or vendee of the last recorded deed or contract describing a premises declared to be a public nuisance is the owner of the premises for purposes of the nuisance abatement statute, and naming such person a party defendant in an action to abate the nuisance gives a court authority to abate the nuisance (MCLA 600.3801).

3. PROCESS—PERSONAL SERVICE—COURT RULES.

 Service of process may be made upon an individual by leaving a summons and a copy of the complaint with the defendant personally (GCR 1963, 105.1).

4. PROCESS—SERVICE—MANNER—ACTUAL NOTICE—OPPORTUNITY TO BE HEARD—DISCRETION—COURT RULES.

 A court rule provides that a court in which an action has been commenced may, in its discretion, allow service of process to be made upon a defendant in any manner which is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard, if an order permitting such service is entered before service of process is made upon showing to the court that service of process cannot reasonably be made in a manner provided for under other court rules; if the court declines to exercise its discretion, a plaintiff in a nuisance case

REFERENCES FOR POINTS IN HEADNOTES

[1] 62 Am Jur 2d, Process §§ 75, 86, 87.
 Suits that may be regarded as in rem or quasi in rem, jurisdiction in which may rest upon constructive service. 126 ALR 664.
[2] 58 Am Jur 2d, Nusiances §§ 112, 144.
[3–5] 62 Am Jur 2d, Process §§ 41–53.

has an alternative method of service under another court rule (GCR 1963, 105.8, 106, 782.2).

5. NUISANCE—PROCESS—OPPORTUNITY TO BE HEARD—PROPERTY
    OWNER—UNRECORDED CONTRACT—STATUTES.

   A plaintiff, to abate a public nuisance, may not padlock the property of a land contract vendee without diligently trying to give the vendee actual notice of the proceedings and an opportunity to be heard where the vendee is the real party in interest and the plaintiff has actual knowledge of the vendee, even though the vendee holds the property by an unrecorded land contract (MCLA 600.3801).

Appeal from Wayne, James N. Canham, J. Submitted June 16, 1975, at Detroit. (Docket No. 21662.) Decided August 28, 1975.

Complaint by the State of Michigan upon relation of William L. Cahalan, Wayne County Prosecuting Attorney, against Ida Gladstone, Maritza Adams, Richard Anderson and Elizabeth Kristal to abate a nuisance. Abatement ordered. Defendant Maritza Adams appeals. Reversed.

*William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for plaintiff.

*Taylor & Rubin,* for defendant Maritza Adams.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

M. J. KELLY, J. Suit was brought under the nuisance abatement statute, MCLA 600.3801; MSA 27A.3801. The charge was that The Little Foxes Men's Club was being used for the purpose of prostitution. After a hearing, the trial judge ordered that the building be padlocked for one year. An order requiring the sale of the furniture, fix-

tures and contents of the building was stayed by this Court. In addition, the trial court issued an order restraining Ida Gladstone, Elizabeth Kristal and their servants, agents, employees, representatives and assignees from conducting, maintaining, or permitting the use of the building for prostitution. Land contract vendee of the real estate, Maritza Adams, appeals.

Of the four defendants, only Gladstone and Kristal were personally served with process. Gladstone, the land contract vendor of the property, disclaimed any concern for the outcome of the case. In fact, her counsel left in the middle of the hearing.

One Richard Anderson rented the property from Maritza Adams and, it seems, Mr. Anderson owned and operated the club. The address given for Mr. Anderson on an application for a building permit proved fictitious. Process servers were unable to locate Richard Anderson and Maritza Adams. Defendant Adams is purchaser of the property under an unrecorded land contract and is the person who leased the property to the elusive Mr. Anderson. The land contract lists 24620 Roanoke, Oak Park, as the address of defendant Adams. When the police went to that address, the occupants disclaimed knowledge of Maritza Adams. No further attempts were made to notify defendant Adams of the pendency of this suit.

On appeal, defendant Maritza Adams claims that the statute here invoked is unconstitutionally violative of the due process clause of the Fourteenth Amendment to the US Constitution. The purported defect is that the statute "fails to require that timely notice and an opportunity to be heard be given to those persons who are known and whose interests are sought to be affected".

Plaintiffs contend that the nuisance abatement statute is in rem and that therefore efforts at obtaining personal jurisdiction are unnecessary. That very proposition was disavowed for due process purposes in *Mullane v Central Hanover Bank & Trust Co,* 339 US 306, 312, 313; 70 S Ct 652, 656; 94 L Ed 865, 872 (1950):

"[I]n any event we think that the requirements of the Fourteenth Amendment to the Federal Constitution do not depend upon a classification for which the standards are so elusive and confused generally and which, being primarily for state courts to define, may and do vary from state to state. Without disparaging the usefulness of distinctions between actions *in rem* and those *in personam* in many branches of law, or on other issues, or the reasoning which underlies them, we do not rest the power of the State to resort to constructive service in this proceeding upon how its courts or this Court may regard this historic antithesis."

US Const, Am XIV, § 1 states that "[n]o [s]tate shall * * * deprive any person of * * * property, without due process of law * * * ". Against that explicit constitutional language, we must weigh the claim of plaintiff that personal service on defendant Gladstone is constitutionally sufficient as a predicate to adjudicating the property rights of defendant Adams.

Although Adams and Gladstone each have rights in the property upon which the club sits, the interests are not identical. Defendant Gladstone declined to participate in the trial court hearing. Adams is the real party in interest. The Legislature has provided, MCLA 600.3810(1); MSA 27A.3810(1):

"An owner of the premises within the meaning of this chapter is deemed to be the grantee or vendee of

the last recorded deed or contract which describes the premises, * * * and the naming of such person a party defendant gives the court authority to abate the nuisance * * * ."

Thus, the vendee has a statutorily recognized interest at stake. Although the statute speaks of the last "recorded" contract, the lack of recordation should not defeat defendant's claim where, as here, plaintiff has actual knowledge of the land contract vendee.

We hold that the procedures here used to notify defendant Adams of the pendency of this action were inadequate under existing Michigan Law.

MCLA 600.3801; MSA 27A.3801, the statute relied on by plaintiff, reads in pertinent part:

"Any building * * * used for the purpose of * * * prostitution * * * is hereby declared a nuisance * * * and nuisances shall be enjoined and abated as hereinafter provided, *and as provided in the court rules."* (Emphasis ours.)

The court rule provision, GCR 1963, 782, sets forth the procedure that must be followed:

".1 Procedure to Abate Public Nuisance. Actions to abate public nuisances are governed by the general rules of procedure and evidence for non-jury actions, except as provided in the statutes covering public nuisances, and in these special rules.

".2 Service of Process. In an action to abate a public nuisance, if service cannot be obtained under Rule 105 service may be had under Rule 106."

The applicable means of serving process is set forth in GCR 1963, 105.1. Service of process of an individual may be made "by leaving a summons

and a copy of the complaint with the defendant personally". This plaintiff failed to do.

That is not to say that plaintiff is without remedy. Plaintiff's relief lies in GCR 1963, 105.8:

"The court in which an action has been commenced may, in its discretion, allow service of process to be made upon a defendant in any other manner which is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard, if an order permitting such service is entered before service of process is made upon showing to the court that service of process cannot reasonably be made in the manner provided for under other rules."

If the trial court declines to exercise its discretion on the plaintiff's behalf, plaintiff has another alternative. Pursuant to GCR 1963, 782.2, the inability to serve process under GCR 1963, 105 calls into play the methods of serving process under GCR 1963, 106. All of these things plaintiff may do. Plaintiff may not, consistent with due process, proceed to lock up a defendant's property without first diligently trying to give that defendant actual notice of the proceedings and an opportunity to be heard. We do not pass on the constitutionality of the statute; we hold inadequate the service of processes here attempted.

Our finding that appellant was not properly notified under the statute renders a discussion of the remaining allegation of error unnecessary.

Reversed. No costs, a public question being involved.